United States Court of Appeals,
Eighth Circuit.

Submitted: Feb. 14, 2013.

Filed: Aug. 29, 2013.

LAND O' LAKES, INC., Plaintiff

v.

EMPLOYERS INSURANCE COMPA-
NY OF WAUSAU, formerly known as
Employers Mutual Liability Insur-
ance Company of Wisconsin and Em-
ployers Insurance of Wausau A Mutu-
al Company, Defendant

The Travelers Indemnity Company,
Defendant–Appellant

v.

White Mountains Reinsurance Company
of America, Successor to Mutual Ser-
vice Casualty Insurance Company,
Third–Party Defendant–Appellee.

Land O' Lakes, Inc., Plaintiff

v.

Employers Insurance Company of Wau-
sau, formerly known as Employers
Mutual Liability Insurance Company
of Wisconsin and Employers Insur-
ance of Wausau A Mutual Company,
Defendant–Appellant

The Travelers Indemnity Company,
Defendant

v.

White Mountains Reinsurance Company
of America, Successor to Mutual Ser-
vice Casualty Insurance Company,
Third–Party Defendant–Appellee.

Nos. 12–1887, 12–1889.

Aleava Rael Sayre, Byron Eugene
Starns, Jr., Steven Paul Zabel, Minne-
apolis, MN, for Plaintiff.

David C. Linder, Hilary J. Loynes, Lar-
son & King, Saint Paul, MN, for Defen-
dant.

William Michael Hart, Damon L. Highly,
Michael Patrick McNamee, Laura Chris-
tine Sands, Charles E. Spevacek, Meagher
& Geer, Minneapolis, MN, for Defendant–
Appellant.

Shanda K. Pearson, Jeanne H. Unger,
Bassford & Remele, Minneapolis, MN, for
Third–Party Defendant–Appellee.

Before SMITH, MELLOY, and
BENTON, Circuit Judges.

PER CURIAM.

This appeal arises from the Environ-
mental Protection Agency's (EPA) claim
against Land O' Lakes, Inc. ("Land O'
Lakes"), for the costs of the cleanup of
chemical spills and discharge of contami-
nants at an oil refinery located in Cushing,
Oklahoma. Land O' Lakes denied liability
for the cleanup, but it sought defense and
indemnification remedies under two liabili-
ty insurance policies that Employers In-
surance Company of Wausau ("Wausau")

and Travelers Indemnity Company ("Travelers") issued. Wausau issued the first insurance policy to Land O' Lakes's predecessor, Midland Cooperatives, Inc. ("Midland"). Travelers issued the second insurance policy to Land O' Lakes itself. Wausau and Travelers both refused to defend Land O' Lakes against the EPA's claim.

Land O' Lakes filed suit against Wausau and Travelers, seeking damages for its defense costs and a declaratory judgment that they were bound to indemnify it. Wausau and Travelers then brought a third-party contribution claim against White Mountains Reinsurance Company of America ("White Mountains"). White Mountains was the successor to both American Farmers Insurance Company ("American Farmers") and Mutual Service Casualty Insurance Company (MSC). American Farmers had issued insurance policies to Midland from 1946 to 1949, and MSC had issued insurance policies to Midland from 1978 to 1981. Wausau and Travelers claimed that if they were liable to Land O' Lakes, then White Mountains was liable to them in equitable contribution under the American Farmers and MSC policies.

In *Land O' Lakes, Inc. v. Employers Mutual Liability Insurance Co. of Wisconsin*, the district court granted summary judgment to Wausau, Travelers, and White Mountains, holding that the six-year statute of limitations barred Land O' Lakes's defense costs and indemnity claims. 846 F.Supp.2d 1007, 1020 (D.Minn.2012). Land O' Lakes appealed, and in Case No. 12–1752, this court affirmed the district court's decision. Third-party defendant White Mountains brought this separate appeal, arguing that if we reversed *Land O' Lakes*, White Mountains still was not liable

in equitable contribution to Wausau and Travelers. However, because we affirmed the district court's grant of summary judgment to Wausau and Travelers, those insurance companies have no duty to defend or indemnify Land O' Lakes, and this appeal is now moot.

Consequently, this appeal is dismissed.